UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CAMERON R. PIERCE;                                    COMPLAINT

             **Plaintiff,**                        Civil Action Number:

       **v.**                                5:25-cv-102 (ECC/ TWD)

JON C. FREDERICK; KYLE DELANEY;
NEIL OSSOLA; RICHARD ALLEN;
ROBERT F. THACKSTON; JAY W.                           **JURY TRIAL DEMANDED**
MORROW; JOSHUA M. O'HEARN;

            **Defendants.**

_____

Plaintiff **CAMERON PIERCE** by and through his attorneys Zachary C. Oren, Esq. and David A. Longeretta, Esq. for his Complaint against Defendants respectfully alleges as follows:

## JURISDICTION

1. This action is brought in part pursuant to §§ 1983 and 1988 of Title 42 of the United States Code and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. This action is for money damages to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws of the Untied States and State of New York. Jurisdiction of this Court is invoked under provisions of 28 U.S.C. §§ 1331, 1343(3), and 1367 (A) and the aforementioned statutory and constitutional provisions.

## PARTIES

2. Plaintiff, CAMERON PIERCE, is an adult and a citizen of the United States of America and residing in the State of New York, Jefferson County.

1

3. Upon information and belief Defendant JEFFERSON COUNTY, NEW YORK during all relevant times herein was and is a municipal corporation organized and existing through and by virtue of the laws of the State of New York and who maintains offices at 175 Arsenal Street, Watertown, NY 13601 and said municipal corporation is located in the Northern District of New York and employed some of the above captioned individual Defendants at all relevant times herein.

4. Upon information and belief, Jefferson County operates a Sherriff's Office with a jail [hereafter "Jefferson County Sherriff's Office"] whose principal place of business is 753 Watertown Drive, Watertown, New York 13601.

5. Upon information and belief Defendant JON C. FREDERICK, during all relevant times herein is a duly appointed Corrections Officer for the Jefferson County Sherriff's Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant JON C. FREDERICK is sued in his individual and official capacity. Upon information and belief JON C. FREDERICK'S professional address is at the Jefferson County Sherriff's Office, 753 Watertown Drive, Watertown, New York 13601.

6. Upon information and belief Defendant KYLE DELANEY, during all relevant times herein is a duly appointed Corrections Officer for the Jefferson County Sherriff's Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant KYLE DELANEY is sued in his individual and official capacity. Upon information and belief KYLE DELANEY'S professional address is at the Jefferson County Sherriff's Office, 753 Watertown Drive, Watertown, New York 13601.

7. Upon information and belief Defendant NEIL OSSOLA, during all relevant times herein is a duly appointed Corrections Officer for the Jefferson County Sherriff's Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant NEIL OSSOLA is sued in his individual and official capacity.  Upon information and belief NEIL OSSOLA'S professional address is at the Jefferson County Sherriff's Office, 753 Watertown Drive, Watertown, New York 13601.

8. Upon information and belief Defendant RICHARD ALLEN, during all relevant times herein is a duly appointed jail Sergeant for the Jefferson County Sherriff's Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant RICHARD ALLEN is sued in his individual and official capacity. Upon information and belief RICHARD ALLEN'S professional address is at the Jefferson County Sherriff's Office, 753 Watertown Drive, Watertown, New York 13601.

9. Upon information and belief Defendant ROBERT F. THACKSTON, during all relevant times herein is a duly appointed Corrections Officer for the Jefferson County Sherriff's Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant ROBERT F. THACKSTON is sued in his individual and official capacity.  Upon information and belief ROBERT F. THACKSTON'S professional address is at the Jefferson County Sherriff's Office, 753 Watertown Drive, Watertown, New York 13601.

10. Upon information and belief Defendant JAY W. MORROW, during all relevant times herein is a duly appointed Criminal Investigator for the Jefferson County Sherriff's

Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant JAY W. MORROW is sued in his individual and official capacity.  Upon information and belief JAY W. MORROW'S professional address is at the Jefferson County Sherriff's Office, 753 Watertown Drive, Watertown, New York 13601.

11. Upon information and belief the City of Watertown, New York, during all relevant times herein was and is a municipal corporation organized and existing through and by virtue of the laws of the State of New York and who maintains offices at 245 Washington Street, Watertown, New York 13601 and said municipal corporation is located in the Northern District of New York and employed some of the above captioned individual Defendants at all relevant times herein.

12. Upon information and belief the City of Watertown operates a Police Department [hereafter "Oneida City Police Department"] whose principal place of business is 751 Waterman Drive, Watertown, New York, 13601.

13. Upon information and belief Defendant JOSHUA M. O'HEARN, during all relevant times herein is a duly appointed patrolman for the Watertown City Police Department and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant JOSHUA M. O'HEARN, is sued in his individual and official capacity.  Upon information and belief JOSHUA M. O'HEARN'S, professional address is 751 Waterman Drive, Watertown, New York, 13601.

## STATEMENT OF FACTS

14. Plaintiff at all relevant times is a law abiding citizen.

4

15. Plaintiff has no military training, mixed martial arts/boxing, karate, jujutsu, wrestling, defense tactics nor any other type hand to hand combat training or experience.

16. In 2022 Plaintiff was going through a contentious divorce.

17. As a result, Plaintiff did plead guilty to harassment, a violation, in 2022 and was sentenced to pay a $200.00 fine.

18. Plaintiff forgot to pay said fine.

19. As a result the Watertown City Court entered a bench warrant for Plaintiff's arrest.

20. On January 28, 2022, Plaintiff was dating a new female and went to her house.

21. Said female started behaving erratically and law enforcement was contacted.

22. A New York State trooper arrived.

23. No charges arose out of the call, however the New York State Trooper advised there was an open warrant for Plaintiff due to the aforementioned $200.00 fine.

24. The New York State Trooper searched Plaintiff for weapons and Plaintiff was taken into custody without incident.

25. Plaintiff was compliant the entire time.

26. No force was used by said New York State Trooper.

27. Said New York State Trooper transported Plaintiff to Watertown, New York via the Trooper's patrol vehicle.

28. Upon arriving in Watertown, New York said New York State Trooper transferred custody of Plaintiff to Defendant O'Hearn.

29. Defendant O'Hearn attempted to have Plaintiff arraigned on the said bench warrant.

30. Specifically, Defendant O'Hearn transported Plaintiff to the Central Arraignment Part Court [hereafter "CAP" Court].

31. Unfortunately, CAP Court had closed early for the day.

32. Accordingly, Defendant O'Hearn transported Plaintiff to the Jefferson County jail to hold him for the weekend so Plaintiff could be arraigned on the warrant the following Monday, January 31, 2022.

33. The Jefferson County Jail has a security camera system.

34. The Jefferson County Jail's security camera system has blind spots.

35. Two blind spots are the pat frisk intake area near the sally port and showers/strip search area.

36. Defendants Jon C. Frederick; Kyle Delaney; Neil Ossola; Richard Allen and Robert F. Thackston have all worked in said jail for extended periods of time.

37. Upon information and belief, said Defendants are aware of these blind spots in the security camera system.

38. Upon Plaintiff arriving at the jail Defendant Allen began doing the intake questions with Plaintiff.

39. Plaintiff was giving short answers to Defendant Allen's questions as Plaintiff was not happy about having to spend the weekend in jail over a $200.00 fine.

40. Apparently, this upset Defendant Allen and he told Plaintiff to "clam down or Frederick is going to kick your ass."

41. As Defendant Allen was saying this he was waving his clipboard in Plaintiff's face and then pointing said clipboard toward Defendant Frederick who was gloving up.

42. Upon information and belief, law enforcement will put on gloves if they anticipate a use of force to protect their hands.

43. Important here Defendant Frederick was 35 years old at the time weighed 270 pounds standing 6 foot tall.

44. Plaintiff on the other hand only weighs 175 pounds and is also 6 foot tall.

45. Therefore, Defendant Frederick had almost 100 pound advantage over Plaintiff.

46. Defendant Allen then dropped his clip board and stated, "I think we are going to have to tune this guy up" or stated words to that effect.

47. At this time Plaintiff was handcuffed behind his back.

48. After said comment was made by the Defendant Allen, in the pat frisk camera blind spot area Defendant Frederick grabbed the handcuffs which were still on the Plaintiff, and tightened the same to the point where the Plaintiff could not feel his hands or fingers, and Defendant Frederick then pushed the Plaintiff up against the brick wall.

49. Defendant Frederick grabbed Plaintiff's hair with Defendant Frederick's right hand (from the back of his head) and with Defendant Frederick's left hand he grabbed on to Plaintiff's handcuffs.

50.  Defendant Frederick shoved Plaintiff's head into the brick wall and began to scrape Plaintiff's head back and forth across the brick wall like a windshield wiper.

51. Defendant Frederick then threw Plaintiff to the ground.

52. Defendant Frederick then pinned Plaintiff to the ground by putting his right knee on Plaintiff's chest so Defendant Frederick could then proceed to punch Plaintiff's head and chest area.

53. Then Defendants Kyle Delaney; Neil Ossola and Robert F. Thackston joined in with the beat down by repeatedly kicking and punching Plaintiff all over his body.

7

54. All of this occurred under Defendant Allen's direction, as it was literally occurring right before his feet.

55. At all points relevant herein, Plaintiff never kicked any Defendants.

56. At all points relevant herein, Plaintiff never punched any Defendants.

57. At all points relevant herein, Plaintiff never threatened any of the Defendants and was compliant with Defendants' commands.

58. Plaintiff began to bleed profusely from his facial region.

59. After the first beat down Plaintiff was picked up by Defendant Allen and told to only answer "yes sir" or "no sir" to Defendant Allen's intake questions.

60. Plaintiff complied with said order.

61. Plaintiff informed said Defendants that if he was going to stay the weekend in jail he did not want any problems with Defendants.

62. But Defendants were bloodthirsty and wanted to beat Plaintiff some more.

63. So Defendants Frederic and Delaney escorted Plaintiff to the shower/strip search area in the jail, which is the second blind spot in the security camera system as described above.

64. Upon arriving in the shower area, Plaintiff was unhandcuffed and immediately sucker punched by Defendant Frederic from the left side of his face.

65. Plaintiff immediately fell to the ground as he was knocked out from the blow.

66. Plaintiff's next memory is Defendants Frederic and Delaney began to and repeatedly kicked Plaintiff while on the ground.

67. Plaintiff heard his ribs crack when he was on the ground being kicked by Defendants Frederic and Delaney.

68. Plaintiff asked Defendants Frederic and Delaney to stop kicking him but they did not.

69. Next Defendants Frederic and Delaney pulled Plaintiff's pants down exposing his butt while continuing to kick him.

70. Defendants Frederic and Delaney told Plaintiff to spread his posterior cheeks and to cough.

71. Plaintiff explained to Defendants Frederic and Delaney that he could not cough due to the rib injuries.

72. Defendant Frederic told Plaintiff to "figure it the fuck out" Defendants Frederic and Delaney kicked Plaintiff some more.

73. Then Defendant Frederic asked Defendant Delaney if was satisfied and Defendant Delaney stated that he was.

74. At all points relevant herein, Plaintiff never kicked any Defendants.

75. At all points relevant herein, Plaintiff never punched any Defendants.

76. At all points relevant herein, Plaintiff never threatened any of the Defendants and was compliant with Defendants' commands.

77. Plaintiff was then stood up and was placed in a cell.

78. Upon Plaintiff being placed in the cell, Plaintiff was in tremendous pain and to use his words could "feel his lungs filling up with blood."

79. Plaintiff asked Defendant Frederic for medical attention and said "I am dying" to which Defendant Frederic told Plaintiff to "die quietly."

80. Defendant Allen then arrived at Plaintiff's cell and advised him he would get him medical attention.

9

81. Defendant Frederic along with other corrections officers transported Plaintiff to the Good Samaritan Hospital.

82. While in route to the hospital Defendant Frederic advised Plaintiff that if Plaintiff said anything to the hospital staff about Plaintiff's beating that Defendant Frederic would beat Plaintiff again.

83. Upon arriving at the Good Samaritan Hospital medical imagining revealed, among many injuries that, Plaintiff had a large left pneumothorax with a partially collapsed/punctured left lung, left 10 and 11 rib fractures and a left fractured eye socket/check bone.

84. Upon information and belief, these injuries are consistent with the beat downs Plaintiff received from Defendants.

85. Upon receiving such medical imagining results, as a life-saving measure hospital staff inserted a chest tube into Plaintiff's chest.

86. Plaintiff cried out in pain when the hospital staff did this causing Defendant Frederic to laugh who was guarding over Plaintiff.

87. The medical professionals determined that Plaintiff would have to be transferred to Upstate University Health System [hereafter "Upstate Medical Center"] due to Plaintiff's life threatening injuries.

88. A decision was then made by the Watertown Police Department to release Plaintiff.

89. Accordingly, Defendant Frederic and the other correctional officers took the handcuffs off of Plaintiff, released Plaintiff from their custody, told Plaintiff to pay the $200.00 fine and left the Good Samaritan Hospital.

10

90. Plaintiff was transferred to Upstate Medical Center and was admitted for several days.

91. A true copy of a picture of Plaintiff during this time in the hospital is attached hereto as **Exhibit 22**.

92. The only injury to Defendants was Defendant Frederic had a bruised foot.

93. Upon information and belief, said injury was most likely caused by Defendant Frederic kicking Plaintiff.

94. Upon being released, Plaintiff ensured that the $200.00 fine was paid.

95. Plaintiff also relocated to Maine, uprooting his entire life, because of the terror he had suffered at the hands of Defendants as he was fearful to remain in the relatively small community of Watertown.

96. Defendant Morrow was the criminal investigator from the Sherriff's office assigned to the incident.

97. Additionally, with Plaintiff being so severely injured Defendants then had to fabricate a story to cover up their excessive force to wit:

   a.  On January 28, 2022 Defendant Allen fabricated an incidental supplemental report, a true copy of which is attached hereto as **Exhibit 4**;

   b.  On January 29, 2022 Defendant Delaney fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 1**;

   c.  On January 29, 2022 Defendant Delaney fabricated an incidental supplemental report, a true copy of which is attached hereto as **Exhibit 2;**

   d.  On January 29, 2022 Defendant Ossola fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 3**;

e.  On February 21, 2022 Defendant O'Hearn fabricated an case supplemental narrative report, a true copy of which is attached hereto as **Exhibit 5**;

f.  On February 22, 2022 Defendant O'Hearn fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 6**;

g.  On February 24, 2022 Defendant Frederic fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 7**;

h.  On March 8, 2022 Defendant Delaney fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 8**;

i.  On March 9, 2022 Defendant Allen fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 9**;

j.  On March 9, 2022 Defendant Ossola fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 10**;

k.  On March 15, 2022 Defendant Thackston fabricated a supporting deposition under oath, a true copy of which is attached hereto as **Exhibit 11.**

98. On or about April 4, 2022 Nicholas McKnight became incarcerated at the Jefferson County Jail.

99. Mr. McKnight is Plaintiff's cousin.

100.  Mr. McKnight was incarcerated at said jail for approximately two weeks.

101.  One day while Mr. McKnight was incarnated in said jail he was approached by Defendant Frederick.

102.  Plaintiff never told Defendant Frederick that Mr. McKnight was his cousin.

103.  Nor did Mr. McKnight ever tell Defendant Frederick that Plaintiff was his cousin.

104.    However, upon information and belief Defendant Frederick was aware of this relation, because when Defendant Frederick approached Mr. McKnight he began question Mr. McKnight about Plaintiff's whereabouts.

105.    Next, Defendant Frederick stated to Mr. McKnight that "He [Plaintiff] might not leave next time he [Plaintiff] comes in here….It is personnel" or words to that effect.

106.    On or about April 19, 2022 Plaintiff signed a Notice of Claim, a true copy of which is attached hereto as **Exhibit 12**.

107.    Said Notice of Claim was served on Defendants on April 26, 2022, to wit:

a.    On April 26, 2022 the Jefferson County Attorney was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 13**;

b.    On April 26, 2022 Defendant Delaney was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 14**;

c.    On April 26, 2022 the Jefferson County Executive was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 15**;

d.    On April 26, 2022 Defendant Allen was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 16**;

e.    On April 26, 2022 Defendant Fredericks was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 17**;

f.    On April 26, 2022 the Jefferson County Sherrif was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 18;**

g.    On April 26, 2022 the Jefferson County Comptroller was served, a true copy of the Affidavit of Service is attached hereto as **Exhibit 19;**

13

108.    That same day on April 26, 2022 the said fabricated evidence in **Exhibit 1 through 11** were forwarded to the Jefferson County District Attorney's office.

109.    Shortly after being served with said Notice of Claim, on May 18, 2022 Defendant Delaney meet with Defendant Morrow.

110.    At said meeting Defendant Delaney signed a harassment in the second degree complaint against Plaintiff which is only a violation.

111.    Plaintiff does not have said accusatory instrument, as will be evident by the facts plead below, but based on Defendant Delaney's depositions supporting the charge, exhibited above, Plaintiff believes that the charge was fabricated as Plaintiff never harassed Defendant Delaney.

112.    With this fabricated evidence and charge, on June 15, 2022 Defendant Morrow submitted an arrest warrant to the Watertown City Court which the Watertown City Court issued.

113.    On or about June 27, 2022 while Plaintiff was working a construction job in Auburn, Maine when he was arrested on said warrant.

114.    Plaintiff effected his Fourteenth Amendment Due Process Rights by contesting extradition.

115.    Plaintiff was detained for approximately three weeks on said warrant awaiting extradition from Maine to New York.

116.    Plaintiff lost his construction job as a result.

117.    Also during this time the Chief Assistant District Attorney Dziuba was unable to procure a Governor's warrant within the statutory time limit Plaintiff could be detained in Maine.

14

118. As a result, Plaintiff was never extradited and released from police custody in Maine.

119. Likewise, the Chief Assistant District Attorney Dziuba requested that the Watertown City Court recall the arrest warrant which the Watertown City Court did.

120. On or about July 28, 2022 the case was presented to the Jefferson County Grand Jury.

121. Defendants repeated their fabricated, fraudulent and perjured story to the Jefferson County Grand Jury about what had occurred at the Jefferson County Jail on or about January 28, 2022 and the beating Plaintiff received.  Specifically, the grand jury minutes that Plaintiff was able get in his possession are attached hereto as **Exhibit 20**.

122. Based on said fabricated, fraudulent and perjured testimony of the Defendants the Jefferson County Grand Jury return a true bill on the tainted indictment.

123. A true copy of the undated tainted indictment is attached hereto as **Exhibit 21**.

124. On September 7, 2022 Defendant Morrow received said tainted indictment.

125. On April 17, 2023 Plaintiff was taken into custody at 33 Desert Brooke Drive, Lyman, Maine on said tainted indictment by the Maine, York County Sheriffs.

126. Plaintiff was held in the York County Sheriff's custody for approximately three weeks.

127. Plaintiff was then transported from Maine by the Jefferson County Sheriff's back to New York and held in the Saint Lawrence County jail for four days.

128. Plaintiff was then arraigned on the tainted indictment.

15

129.    At arraignment Plaintiff plead not guilty to all charges, bail was never set and Plaintiff was released on his own recognizance [hereafter "ROR"].

130.    Plaintiff being RORed under N.Y. Crim. Proc. Law § 510.40 required that he "render himself at all times amenable to the orders and processes of the court."

131.    As such, during the criminal prosecution Plaintiff was required to make seven (7) trips to the New York Jefferson County Court from Maine which ultimately resulted in Plaintiff loosing his employment in Maine.

132.    In February 2024 the tainted indictment was dismissed ending the criminal prosecution of Plaintiff.

133.    Accordingly, Plaintiff was never convicted on the charges brought by Defendants.

**AS AND FOR A FIRST CAUSE OF ACTION**
**A FEDERAL CLAIM OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT[1] BROUGHT UNDER § 1983 AGAINST DEFENDANTS JON C. FREDERICK, KYLE DELANEY, NEIL OSSOLA, RICHARD ALLEN AND ROBERT F. THACKSTON**

134.    As plead in the foregoing paragraphs the above Defendants on January 28, 2022 used excessive force on Plaintiff in the pat down security camera blind spot area of the Jefferson County Jail.

135.    The force used was more than necessary objectively reasonable force such that all law enforcement officers would agree that it was unreasonable.

136.    Said excessive force proximately caused the damages that Plaintiff complains of.

137.    At all relevant times, based on the facts as pled above, the above Defendants intentionally used excessive force against Plaintiff in violation of his clearly

---

[1] Plaintiff believes that the uses of force in this case are governed by the Fourth Amendment, as he had not been arraigned. Nevertheless, if the Court rules otherwise Plaintiff would ask that the Court then entertain the Fourteenth Amendment standard.

established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A SECOND CAUSE OF ACTION
A FEDERAL CLAIM OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH
AMENDMENT[2] BROUGHT UNDER § 1983 AGAINST DEFENDANTS JON C.
FREDERICK, AND KYLE DELANEY**

138.    Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

139.    As plead in the foregoing paragraphs the above Defendants on January 28, 2022 used excessive force on Plaintiff in the strip search/shower camera blind spot area of the Jefferson County Jail.

140.    The force used was more than necessary objectively reasonable force such that all law enforcement officers would agree that it was unreasonable.

141.    Said excessive force proximately caused the damages that Plaintiff complains of.

142.    At all relevant times, based on the facts as pled above, the above Defendants intentionally used excessive force against Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A THIRD CAUSE OF ACTION
AN UNREASONABLE WARRANTLESS STRIP SEARCH IN VIOLATION OF THE
FOURTH AMENDMENT[3] BROUGHT UNDER § 1983 AGAINST DEFENDANTS JON
C. FREDERICK, AND KYLE DELANEY**

143.    Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

---

[2] Plaintiff believes that the uses of force in this case are governed by the Fourth Amendment, as he had not been arraigned.  Nevertheless, if the Court rules otherwise Plaintiff would ask that the Court then entertain the Fourteenth Amendment standard.
[3] Plaintiff was not arraigned, and thus the Fourth Amendment governs the strip search.

17

144. As plead in the foregoing paragraphs the above Defendants on January 28, 2022 conducted an unreasonable warrantless strip search on Plaintiff in the strip search/shower camera blind spot area of the Jefferson County Jail.

145. As plead in the foregoing paragraphs, the strip search was not supported by probable cause nor a warrant such that all law enforcement officers would agree that it was unreasonable.

146. As plead in the foregoing paragraphs, the manner in which the strip search was conducted was such that all law enforcement officers would agree that it was unreasonable.

147. Said unreasonable warrantless strip search proximately caused the damages that Plaintiff complains of.

148. At all relevant times, based on the facts as pled above, the above Defendants conducted an unreasonable warrantless strip search against Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**A FEDERAL CLAIM OF FABRICATION OF EVIDENCE IN VIOLATION OF THE**
**FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS BROUGHT UNDER §**
**1983 AGAINST ALL DEFENDANTS**

149. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

150. As factually pled above in the foregoing paragraphs, at all relevant times herein, Defendants were investigating officials – i.e. sworn Corrections Officers, Investigators/Sheriff's Deputies and/or Police Officers.

151. As factually plead and detailed in the foregoing paragraphs, Defendants fabricated evidence to support a criminal prosecution, to wit the fabricated supporting depositions/reports attached hereto as **Exhibits 1 through 11**; the false criminal second degree harassment complaint and the perjured and fraudulent grand jury testimony attached hereto as **Exhibit 20**.

152. As factually plead and detailed in the foregoing paragraphs, the nature of this fabricated evidence would influence a jury's decision in a criminal trial because of the impeachment against Defendants and/or probative (or lack thereof) value to the criminal charges, and without such fabricated evidence concerning Plaintiff's prosecution there would be no criminal case to submit to the jury.

153. As factually plead and detailed in the foregoing paragraphs, Defendants forwarded this fabricated information to prosecutors from the Jefferson County District Attorney's office.

154. As factually plead and detailed in the foregoing paragraphs, Defendants conduct violated clearly established law.

19

155. As factually plead and detailed in the foregoing paragraphs, Plaintiff suffered numerous deprivations of liberty as a result of this fabricated evidence.

156. Defendants' actions and/or inactions caused Plaintiff to suffer the harms complained of herein.

157. At all relevant times, based on the facts as pled above, Defendants intentionally fabricated evidence against Plaintiff in violation of his clearly established Fourth, Fifth, Sixth, and Fourteenth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**A FEDERAL CLAIM OF RETALIATION IN VIOLATION OF THE FIRST**
**AMENDMENT BROUGHT UNDER 42 § 1983 AGAINST ALL DEFENDANTS**

158. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

159. Plaintiff engaged in protected speech under the First Amendment when he filed the Notice of Claim on April 26, 2022.

160. Plaintiff engaged in a protected activity under the First Amendment when he filed the Notice of Claim on April 26, 2022, as he was petitioning the government for a redress of grievances.

161. As factually plead above, Defendants intentionally arrested and prosecuted Plaintiff in retaliation for asserting his First Amendment rights, as the day Plaintiff filed the Notice of Claim, then **Exhibits 1 through 11** were forwarded to the prosecutor's office by Defendant Morrow and in less than thirty days of the filing of the notice of claim Defendants had lodged the harassment second accusatory instrument against Plaintiff.

162. As factually plead throughout, the arrests and prosecution of Plaintiff was without probable cause and/or arguable probable cause.

163. As factually plead and detailed in the foregoing paragraphs, Defendants conduct violated clearly established law.

164. Defendants' actions and/or inactions caused Plaintiff to suffer the harms complained of herein.

165. At all relevant times, based on the facts as pled above, Defendants intentionally retaliated against Plaintiff in violation of his clearly established First Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**A FEDERAL CLAIM OF MALICIOUS PROSECUTION IN VIOLATION OF THE**
**FOURTH AMENDMENT BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS**

166. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

167. Plaintiff had to retain Counsel to represent him on the aforementioned charges.

168. As factually plead above, Defendants' intentionally and maliciously filed a false accusatory instrument against Plaintiff.

169. As factually plead above, Defendants obtained an indictment from the Jefferson County Grand Jury using perjured and fraudulent testimony, a true copy of which attached hereto as **Exhibit 20**.

170. As factually plead above, Defendants initiation and continued participation in Plaintiff's criminal prosecution restrained Plaintiff's ability to travel freely constituting a seizure of his person.

171. As factually plead above, Plaintiff was RORed under N.Y. Crim. Proc. Law § 510.40 which requires that he "render himself at all times amenable to the orders and processes of the court."

172. As factually plead above, Plaintiff had to attend Court approximately seven times and had travel from Maine in order to do so.

173. At all relevant times herein, Plaintiff suffered a liberty restraint on his constitutional rights due to the intentional acts and/or omissions by Defendants.

174. At all relevant times herein, all named Defendants directly participated in the initiation and continuation of criminal proceedings against Plaintiff.

175. The above mention acts were an unconstitutional seizure depriving Plaintiff of the use and enjoyment of his persons, papers, and effects in violation of the Fourth Amendment.

176. The above mentioned acts deprived Plaintiff of his Constitutionally protected liberty interests.

177. As a result of the aforementioned criminal prosecution Plaintiff was seized within the meaning of the Fourth Amendment.

178. The above mentioned acts caused Plaintiff to suffer a harm of Constitutional proportions.

179. At all relevant times herein, Defendants malicious prosecuted Plaintiff in bad faith by maliciously, willfully, intentionally, lying under oath in their police

22

reports/supporting depositions, testimonies, other documents and accusatory instruments to create probable cause.

180. The said charges and subsequent prosecution were not supported by probable cause.

181. The said charges and subsequent prosecution were not supported by arguable probable cause.

182. Upon information belief, the prosecution was malicious as it was an attempt to cover up their beat downs of Plaintiff, punish Plaintiff for serving the Notice of Claim on them and to retaliate against Plaintiff for exercising his due process rights in resisting extradition.

183. The aforementioned disposition of the criminal case was a termination in Plaintiff's favor.

184. The aforementioned criminal prosecution, confinement and damages Plaintiff sustained as a result thereof, was proximately caused by the intentional acts of the Defendants.

185. At all relevant times, based on the facts as pled above, Defendants intentionally falsely arrested and maliciously prosecuted Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A FOR A SEVENTH CAUSE OF ACTION
A FEDERAL CLAIM OF FALSE ARREST IN VIOLATION OF THE FOURTH
AMENDMENT BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS**

186. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

23

187. As factually plead above, on June 27, 2022 Plaintiff was arrested on a tainted warrant procured by Defendants.

188. As factually plead above, Plaintiff was in custody for approximately three weeks, never arraigned but instead was just released due to a lack of a governor's warrant.

189. Plaintiff was not free to leave.

190. Plaintiff was conscious of the confinement by Defendants.

191. Plaintiff did not consent to the confinement by Defendants.

192. Defendants intentionally confined Plaintiff without probable cause and/or arguable probable cause.

193. Defendants' confinement of Plaintiff was not otherwise privileged.

194. The aforementioned confinement was proximately caused by the intentional acts of the Defendants executed under color of law.

195. At all relevant times, based on the facts as pled above, Defendants intentionally falsely arrested and maliciously prosecuted Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## A FEDERAL CLAIM OF FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS

196. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

197. As factually plead above, on April 17, 2023 Plaintiff was arrested on a tainted indictment procured by Defendants.

198. Plaintiff was in custody for approximately four weeks until his arraignment.

24

199.    Plaintiff was not free to leave.

200.    Plaintiff was conscious of the confinement by Defendants.

201.    Plaintiff did not consent to the confinement by Defendants.

202.    Defendants intentionally confined Plaintiff without probable cause and/or arguable probable cause.

203.    Defendants' confinement of Plaintiff was not otherwise privileged.

204.    The aforementioned confinement was proximately caused by the intentional acts of the Defendants executed under color of law.

205.    At all relevant times, based on the facts as pled above, Defendants intentionally falsely arrested and maliciously prosecuted Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

### AS AND FOR A NINTH CAUSE OF ACTION
### A 42 USC § 1983 FEDERAL CLAIM OF ABUSE OF PROCESS IN VIOLATION OF FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AGAINST ALL DEFENDANTS

206.    Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

207.    Based on the foregoing, Defendants initiated legal process against Plaintiff requiring him to be detained, rendering him RORed and requiring his appearance in Court.

208.    Based on the foregoing, said Defendants did institute said process to do harm to Plaintiff, without excuse or justification with a collateral objective that is outside the legitimate ends of the process, in that there was no basis for the charge, arrest, and

25

process, but instead they were trying to cover up their beat downs of Plaintiff who had filed a Notice of Claim and resisted extradition.

209.    Said abuse of process caused the harms Plaintiff suffered as detailed in his prayer for relief section of this Complaint.

210.    At all relevant times, based on the facts as plead above, Defendants violated Plaintiff's clearly established Fourteenth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

## AS AND FOR A TENTH CAUSE OF ACTION
### A FEDERAL CLAIM OF RETALIATION IN VIOLATION OF THE FOURTEENTH AMENDMENT BROUGHT UNDER 42 § 1983 AGAINST ALL DEFENDANTS

211.    Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

212.    As factually plead above, Plaintiff rightfully effected his Fourteenth Amendment Procedural Due Process rights to resist extradition on the harassment complaint violation while in Maine.

213.    Plaintiff having succeeded in resisting extradition caused Defendants to retaliate by obtaining the trumped-up charges in the tainted indictment.

214.    With such trumped-up charges in the tainted indictment Defendants could then extradite Plaintiff.

215.    Said abuse of process caused the harms Plaintiff suffered as detailed in his prayer for relief section of this Complaint.

216.    At all relevant times, based on the facts as plead above, Defendants violated Plaintiff's Fourteenth Amendment rights by retaliating against him and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

26

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## A 42 USC § 1983 CLAIM OF FAILURE TO INTERVENE AGAINST ALL DEFENDANTS

217.    Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

218.    Based on the facts as plead above, at all relevant times the above Defendants had a reasonable opportunity to intervene with the unconstitutional seizure, search, arrest and prosecution of Plaintiff.

219.    As factually plead above, the Defendants actively encouraged and participated in the unconstitutional seizure, search, arrest and prosecution of Plaintiff.

220.    At all relevant times, based on the facts as pled above, all Defendants failed to intervene when Plaintiff's clearly established First, Fourth, Fifth, Sixth, and Fourteenth Amendment Constitutional Rights where being violated and Plaintiff brings this claim under 42 USC § 1983 to remedy these Constitutional violations.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants, each of them, jointly and severally, for as follows:

A. Monetary compensatory damages to be determined by a jury, including but not limited to, conscious pain and suffering, lameness, soreness, attorneys fees, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of First, Fourth, Fifth, Sixth and Fourteenth Amendment rights;

B. Punitive damages to be determined by a jury;

C. Attorneys fees as part of the costs and the costs of this action pursuant to 42 USC § 1988;

D. Such other and further relief as this Court determines to be just, fair, appropriate, and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims stated herein.

Respectfully submitted,


Dated: January 21, 2025

/s/ Zachary C. Oren
Zachary C. Oren, Esq.
*Attorney for Plaintiff*
Federal Bar Roll Number: 603001
401 Rutger Street
Utica, NY 13501
Cell:  (570) 441-8818
Email: z.c.oren@gmail.com


Dated: January 21, 2025

/s/ David Longeretta
David Longeretta, Esq.
Law Office of David A.
Longeretta, PLLC
*Attorney for Plaintiffs*
Federal Bar Roll Number 507602
298 Genesee Street
Utica, NY 13502
Tel.: (315) 735-6162

29